The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857-0374
Dear Senator Ross:
This official Attorney General opinion is issued in response to your recent question regarding an interlocal agreement for a solid waste management system.
You have described a scenario in which a county and several municipalities entered into an interlocal agreement for the establishment of a solid waste management system. You appended a copy of the interlocal agreement to your correspondence. Under the terms of the agreement, a county-wide sales and use tax of 1% was to be levied. The municipalities were to pledge their proportionate shares of the proceeds of the tax to the county for the administration of the solid waste management system. The municipalities did, in fact, pass resolutions approving and authorizing entry into the interlocal agreement, thereby pledging their share of the tax proceeds in accordance with the agreement.[1]
In light of the above-described scenario, you have presented the following questions:
 (1) Can a city that has entered into an interlocal agreement with a county receive its pro rata share of a county-wide sales and use tax that was pledged for a solid waste management system as long as the city uses its pro rata share of the tax for the purpose of solid waste management?
 (2) If not, can the County Judge and Quorum Court members be compelled to name a solid waste board to oversee the funds generated from the sales and use tax for the purpose of a solid waste management system?
RESPONSE
Question 1 — Can a city that has entered into an interlocal agreementwith a county receive its pro rata share of a county-wide sales and usetax that was pledged for a solid waste management system as long as thecity uses its pro rata share of the tax for the purpose of solid wastemanagement?
It is my opinion that the answer to this question is one that must be determined upon the basis of an interpretation of the terms of the interlocal agreement. I take this position because of my determination that interlocal agreements are contractual in nature.
Although the Interlocal Cooperation Act does not specifically state that interlocal agreements constitute contracts, the language of the Act indicates a legislative presumption that such agreements are to be considered contractual and binding. Specifically, the Act speaks in terms of the parties to such an agreement being "the real parties in interest" in the event of a "case or controversy involving performance or interpretation thereof or liability thereunder," thus indicating an understanding that controversies arising out of such agreements would be litigable. A.C.A. § 25-20-105(b)(1). In addition, the county government code, in addressing interlocal agreements entered into by counties, defines a county interlocal agreement as "any service contract entered into by the county court which establishes a permanent or perpetual relationship[2] thereby obligating the financial resources of a county." A.C.A. § 14-14-910(b)(1).
These factors lead me to conclude that interlocal agreements are contractual in nature, and are therefore binding upon the parties. Accordingly, the question you have raised will depend upon the manner in which the terms of the agreement are interpreted. I am unable to engage in an interpretation of the agreement. It is the policy of this office not to construe the provisions of such agreements. Therefore, this question is one that must be referred to counsel for the parties to the agreement.
Nevertheless, I will point out certain provisions of the agreement that will be pertinent to your question. The interlocal agreement provides that all proceeds from the tax, including each municipality's pro rata share thereof, are pledged to a solid waste management system that is to be administered by the county. It also provides that the county is to have responsibility for the administration of such proceeds. In addition, the agreement provides that even if one of the parties withdraws from the agreement, that party is not to receive its share of the tax proceeds that are pledged to the solid waste management system.
While I cannot interpret these provisions, I will note that they could be interpreted to indicate that an individual party's receipt of its share of the tax proceeds would constitute a violation of the interlocal agreement, as would its use of those proceeds for any solid waste management system other than one administered by the county. However, please note that this interpretation of these provisions is one of several possible interpretations, for which reason the matter is best handled by the parties' counsel.
Question 2 — If not, can the County Judge and Quorum Court members becompelled to name a solid waste board to oversee the funds generated fromthe sales and use tax for the purpose of a solid waste managementsystem?
It is my opinion that if the county is failing to meet its obligations under the interlocal agreement, and is (in the determination of the parties' counsel) in violation of the agreement, the other parties to the agreement can pursue, in court, the various remedies that are available under the law to contracting parties, including a court order compelling the county's specific performance under the agreement. This conclusion is based upon the contractual and binding nature of interlocal agreements, discussed in response to Question 1.
The question of whether the parties to the agreement would succeed in obtaining the remedies they seek is a question of fact that will turn upon the particular evidence that is presented. I therefore am unable to opine as to whether any of the parties to the particular interlocal agreement about which you have inquired would, in fact, succeed in obtaining an order compelling the county's performance under the agreement. Moreover, I am unable to opine as to whether a court will interpret the county's obligations under the agreement to include the appointment of a board to oversee the tax proceeds. I note that the agreement itself makes no mention of such a board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have also attached a copy of a resolution enacted by the city in question, approving the interlocal agreement, and of the county ordinance providing for the levy of the sales and use tax.
[2] The phrase "permanent and perpetual relationship" is defined as "any agreement exhibiting an effective duration greater than one (1) year, twelve (12) calendar months, or an agreement exhibiting no fixed duration but where the apparent intent of the agreement is to establish a permanent or perpetual relationship."